IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY K.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25 C 5199 |
| v. ) | |
| ) | Magistrate Judge |
| FRANK BISIGNANO, ) | Daniel P. McLaughlin |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Roy K.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") for a specified timeframe. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse and remand the Commissioner's decision [13] is granted in part, and the Commissioner's cross-motion for summary judgment [16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 28, 2018, Plaintiff filed claims for DIB and SSI, alleging disability since November 1, 2014. On January 5, 2021, an Administrative Law Judge ("ALJ") issued a decision determining that Plaintiff was disabled under the Social Security Act as of the date of the decision but was not disabled prior to the date of the decision. Plaintiff appealed the decision to the United States District Court for the Northern District of Illinois. On January 18, 2023, the Court remanded the matter for further proceedings. A second ALJ held a telephonic remand hearing on April 29, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") also testified.

On May 23, 2024, the ALJ determined that Plaintiff was not disabled for the period from November 1, 2014 through January 4, 2021. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's May 23, 2024 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In the ALJ's May 23, 2024 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that

Plaintiff had not engaged in substantial gainful activity since September 1, 2016, the amended alleged onset date. At step two, the ALJ concluded that Plaintiff had the following severe impairments: human immunodeficiency virus (HIV); neurosyphilis with visual impairment; major depressive disorder/dysthymia; generalized anxiety disorder; and stimulant and opioid use disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, for the time period in question, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; can occasionally balance, and can frequently stoop, kneel, crouch, and crawl; can engage in frequent visual acuity near and far; is unable to read print that is 10-point font or less; can never be exposed to unprotected heights or moving mechanical parts; is restricted to understanding, remembering, and carrying out simple instructions for simple, routine and repetitive tasks; can have no hourly production requirement but could meet end of day goals; is able to occasionally interact with supervisors, coworkers, and the public; can be exposed to no more than occasional changes in job settings; and can have no access to alcohol or controlled substances. At step four, the ALJ determined that Plaintiff would be unable to perform his past relevant work as a stylist or retail manager. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that, for the time period in

3

question, Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he was not under a disability from November 1, 2014 through January 4, 2021.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the

4

burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-

54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's findings regarding Plaintiff's visual reading limitations were legally flawed and not supported by substantial evidence; (2) the ALJ failed to properly account for all limitations stemming from Plaintiff's visual impairments; and (3) the ALJ's findings regarding Plaintiff's mental health limitations were legally flawed and not supported by substantial evidence.

In advancing his second argument, Plaintiff contends that the ALJ erred because he "completely omit[ted] from the RFC the second of two visual limitations about which Dr. Schaffzin [the ME] opined, and fail[ed] to explain the omission." ([13] at 15-16.) Pertinent to Plaintiff's assertion, the ALJ found Dr. Schaffzin's opinions to be persuasive, reasoning that the ME "demonstrated a thorough knowledge of the medical record" and rendered opinions that were "consistent with the medical evidence." (R. 2204.) Further, in his decision, the ALJ noted Dr. Schaffzin's opinions that Plaintiff "would have difficulty reading very small print *or handling very small objects*" due to his visual impairments. (*Id.* at 2200 (emphasis added).) Nonetheless, as Plaintiff points out, the ALJ did not explicitly analyze the latter limitation (handling objects) whatsoever and the RFC contained no accommodations for Plaintiff's vision-related handling limitations, nor any explanation for why any such accommodations were not included.

The Court agrees with Plaintiff that the ALJ erred by failing to account for Dr. Schaffzin's opinion that Plaintiff was limited in handling small objects due to his visual impairments. *Cf. Edie M. S. v. Bisignano*, No. 22 C 6777, 2025 WL 1399141, at *7 (N.D. Ill. May 14, 2025) ("While the ALJ's opinion references some evidence related to Claimant's functional hand use abilities, there is no explanation for why the ALJ settled on the frequent handling and fingering limitation in the RFC, as compared to no limitation . . . or a more significant limitation."). The ALJ's error was not harmless, including because each of the representative jobs the ALJ found Plaintiff could have performed have handling requirements that would be

impacted by limitations on handling small objects. *See* DOT 323.687-104 (frequent handling, occasional fingering); DOT 222.687-022 (frequent handling, frequent fingering); DOT 299.677-010 (frequent handling, occasional fingering). Under the circumstances, the Court finds that remand is required so Plaintiff's handling limitations can be properly considered and accounted for. *See Edward T. v. Kijakazi*, No. 20 C 2996, 2021 WL 5578757, at *3 (N.D. Ill. Nov. 30, 2021) ("In light of the ALJ's lack of any explanation on those topics [concerning claimant's handling limitations], the Court finds that the ALJ's determinations are not predicated on substantial evidence and remand is required.").

Defendant argues that "[b]y finding plaintiff limited to jobs that only required frequent near visual acuity, the ALJ was accommodating plaintiff's ability to work with small objects within 20 inches." ([16] at 6.) As that reasoning appears nowhere in the ALJ's decision, the Court finds that Defendant's contention amounts to an impermissible *post hoc* rationalization. *See Jennifer S. v. Kijakazi*, No. 22 C 6491, 2023 WL 5289433, at *3 (N.D. Ill. Aug. 17, 2023) ("That rebuttal is unavailing as it amounts to a *post hoc* rationalization."). The argument is not compelling in any event because, as Plaintiff points out, "visual acuity and handling limitations carry distinct and precise definitions in the Dictionary of Occupational Titles, and vocational experts are trained to understand them as independent of one another." ([17] at 5 n.1.)

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all evidence concerning Plaintiff's visual impairments is properly considered and Plaintiff's mental health limitations are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse and remand the Commissioner's decision [13] is granted in part, and the Commissioner's cross-motion for summary judgment [16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　　　**ENTERED:**

**DATE:　December 29, 2025**

　　　　　　　　　　　　　　　　　　**HON. DANIEL P. McLAUGHLIN**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

9